IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JOSHUA BURGARD,**

**Defendant.**                                                   Case No. 10-CR-30085-DRH


**MEMORANDUM & ORDER**


**HERNDON, District Judge:**

### I.   INTRODUCTION

Pending before the Court is defendant Joshua Burgard's motion to withdraw his plea of guilty (Doc. 65). Essentially, Burgard contends that the holding in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), no longer permitting magistrate judges to accept guilty pleas in felony cases, provides the basis for withdrawing his plea three years after sentencing. Naturally, the United States filed a response in opposition (Doc. 67). Defendant Burgard followed with a reply (Doc. 68). For the following reasons, the Court **DENIES** Burgard's motion to withdraw his plea of guilty and appoint counsel.

## II. BACKGROUND

Joshua Burgard plead guilty to two counts of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) on February 18, 2011, before Magistrate Judge Stephen C. Williams (Doc. 39). On April 4, 2011, Burgard was sentenced by this Court to 210 months in prison on each of the two counts to run concurrently (Doc 47). Burgard's conviction and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit on April 2, 2012 (Doc. 64).

Burgard subsequently filed a collateral attack on his sentence pursuant to 28 U.S.C. § 2255. *Burgard v. United States*, Case No. 13-cv-450-DRH (S.D. Ill.) at Doc. 1. He later filed the motion at issue following the Seventh Circuit's decision in *United States v. Harden*. (Doc. 65). *Harden* interprets a magistrate judge's powers under the Federal Magistrates Act, 28 U.S.C. § 636, finding it impermissible for a magistrate to accept guilty pleas. *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). Burgard also seeks appointment of counsel and states that the withdrawal of his guilty plea will moot his pending § 2255 petition (Doc. 65).

Burgard claims that Magistrate Judge Williams lacked the requisite authority to accept his guilty plea three years ago, pursuant to the *Harden* interpretation of 28 U.S.C. § 636. He argues for the withdrawal of his guilty plea based on the *Harden* decision. The Court disagrees.

### III. ANALYSIS

Rule 11 of the Federal Rules of Criminal Procedure governs pleas in criminal cases. Under Rule 11(d) withdrawal of a guilty plea is deemed proper only prior to sentencing. FED. R. CRIM. P. 11(d). Rule 11(e) addresses the finality of a guilty plea or nolo contendere plea after sentence is imposed. Rule 11(e) states: "After the court imposes sentence, the *defendant may not withdraw a plea of guilty* or nolo contendrere, and the *plea may be set aside only on direct appeal or collateral attack*." FED. R. CRIM. P. 11(e)(emphasis added). In the 2002 amendments to the Federal Rules of Criminal Procedure, the Advisory Committee further clarified Rule 11(e) declaring that "the provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." FED. R. CRIM. P. 11(e) advisory committee's note.

In *United States v. Harden*, defendant appealed his sentence, arguing that the magistrate's acceptance of his plea violated the Federal Magistrates Act. Harden relied on Rule 11(e) in seeking relief by filing a timely direct appeal.

In the case at issue, Burgard's motion is untimely, as it comes after his sentencing, conclusion of appeal, and collateral attack. As stated above, Rule 11(e) addresses finality of guilty pleas after sentence is imposed. A defendant's only options after sentencing are to file a direct appeal or collaterally attack under 28 U.S.C. §2255.[1] Unlike *Harden*, Burgard exhausted his direct appeal without raising the issue or circumstances surrounding his plea before a magistrate, thus

---

[1] Burgard filed a §2255 petition regarding his conviction in this case. It remains pending with this Court. *See Burgard v. United States*, Case No. 13-cv-450-DRH (S.D. Ill.).

barring that opportunity for relief. See *United States v. Burgard*, 675 F.3d 1029 (7th Cir. 2012) *cert. denied*, 133 S. Ct. 183, 184 L. Ed. 2d 92 (U.S. 2012).

Burgard filed a collateral attack on his sentence pursuant to 28 U.S.C § 2255 on May 10, 2013, and, again, failed to raise issue with his plea before a magistrate. See *Burgard v. United States*, Case No. 13-cv-450-DRH (S.D. Ill.) at Doc. 1. Had Burgard alleged the constitutional violation put forth in *Harden*[2] in his § 2255, he still waived the issue on direct appeal. The claim of prejudice, resulting from his plea before a magistrate, was ripe at the time of his direct appeal. Failure to raise an issue available at the time of appeal, forfeits the claim during a future collateral attack. *See* 28 U.S.C. §2255. Burgard failed to raise the issue during his appeal, consequently waiving the claim during his collateral attack.

As a result, Burgard's reliance on *Harden* to support his withdrawal of plea is erroneous. Fed. R. Crim. P. 11(e) specifies that a defendant may not withdraw a plea after sentence is imposed. Burgard exhausted the available avenues for post-conviction relief under Rule 11(e) and failed to raise issue with his plea before a magistrate until now, three years after his sentencing. Therefore, Burgard's motion must be denied, and his § 2255 petition remains pending.

---

[2] The *Harden* court evaded the constitutional claim in their opinion. The court specifically stated: "We need not reach Harden's constitutional claim, alleging a magistrate judge's acceptance of a felony guilty plea violates the structural guarantees of Article III, because the statutory violation is clear." *United States v Harden*, 758 F.3d 886, 891 (7th Cir. 2014).

### IV.    CONCLUSION

Accordingly, the Court **DENIES** Defendant Burgard's motion to withdraw his plea of guilty. (Doc. 65). Further the court **DENIES** defendant's motion to appoint counsel as moot. Burgard's § 2255 petition remains pending in this Court.

**IT IS SO ORDERED.**

Signed this 16th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.16 12:52:36 -05'00'

**District Judge**
**United States District Court**