IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff,    v.    JOSHUA BURGARD,    Defendant. | Case No. 3:10-CR-30085-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are Motions for Compassionate Release filed by Defendant Joshua Burgard pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docs. 86, 101). Burgard asks the Court to grant his request for compassionate release due to his medical conditions and the COVID-19 pandemic (*Id.*). The Government opposes these motions (Doc. 106). For the reasons set forth below, the motions are denied.

### BACKGROUND

On April 4, 2011, Defendant Burgard pleaded guilty to two counts of receipt, and attempted receipt of child pornography (Doc. 43). Burgard was sentenced to 210 months' imprisonment (*Id.*). According to the Bureau of Prisons' website, Burgard is scheduled to be released on May 15, 2025.[1]

Burgard now argues his medical conditions constitute extraordinary and

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 22, 2020).

compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Burgard claims that his asthma and the potential side effects of medication place him at an increased risk of severe complications if he were to contract COVID-19.

The Government opposes the motion, arguing that Burgard has not demonstrated extraordinary and compelling reasons for compassionate release. While moderate-to-severe asthma may increase the risk of developing severe illness from COVID-19, the Government argues that there is no evidence to support a finding that Burgard's asthma is classified as moderate to severe (Doc. 106, p. 30). Burgard is prescribed an inhaler, but Burgard never complained of an asthma attack to health services, nor did he ever indicate that he had even used his inhaler during 2019 and 2020 (*Id.*). In fact, during his February 4, 2019 chronic care visit, Burgard denied any recent asthma symptoms (*Id.* at p. 31). Therefore, his medical conditions do not rise to the level of "extraordinary and compelling" circumstances.

The Government also argues that Burgard's medications do not demonstrate an extraordinary and compelling reason for compassionate release. The Government notes that "there is no indication whatsoever in the medical records that Burgard is even using the inhaler . . . ." (*Id.* at pp. 31-32). As to Burgard's other medication, the Government notes that the side effects listed are only potential side effects and "there is no evidence, even by the defendant's own admissions, that he is currently suffering from any of these side effects such that he would be particularly vulnerable should he contract COVID-19" (*Id.* at p. 32).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2]

After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other

---

[2] The Government concedes that Burgard has exhausted his administrative remedies.

than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

### DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13.

Here, Burgard has not made that showing. While Burgard's asthma and his medications may cause potential side effects, which may place him at an increased risk of severe illness from the coronavirus, his records indicate that his asthma is well controlled and he has not experienced any side effects from his medications. Thus, the Court finds that there is no evidence Burgard is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover.

Although the Court acknowledges that COVID-19 is a serious and extremely contagious illness that has presented unprecedented challenges for the Bureau of Prisons, "the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Sheppard*, No. 09-30001, 2020 WL 2128581, at *2 (C.D. Ill. May 5, 2020).

Because Burgard has not established any extraordinary and compelling reasons

warranting a reduction in his term of imprisonment, his Motions for Compassionate Release (Docs. 86, 101) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 22, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**