IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JOSHUA BURGARD,<br><br>　　Defendant. | Case No. 3:10-CR-30085-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is another Motion for Compassionate Release filed by Defendant Joshua Burgard pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 120). Burgard asks the Court to grant his request for compassionate release due to his medical conditions and the COVID-19 pandemic. (*Id.*). The Government opposes this motion. (Doc. 122). For the reasons set forth below, the motion is denied.

## BACKGROUND

On April 4, 2011, Defendant Burgard pleaded guilty to two counts of receipt, and attempted receipt of child pornography. (Doc. 43). Burgard was sentenced to 210 months' imprisonment. (*Id.*). According to the Bureau of Prisons' website, Burgard is scheduled to be released on May 15, 2025.[1]

Burgard argues his medical conditions constitute extraordinary and compelling

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Mar. 29, 2022).

reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion.

## DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. While the Court is not bound to follow this definition when a defendant brings suit himself under the First Step Act, it is a guiding principle. As the Seventh Circuit noted in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020):

> The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion within being conclusive.

Here, Burgard has failed to establish extraordinary and compelling circumstances that warrant granting his motion for compassionate release. While Burgard's asthma and lung capacity may place him at an increased risk of severe illness from the coronavirus, his records indicate that his asthma is well controlled. Further, as the Seventh Circuit found in Burgard's last motion for compassionate release, "the widespread availability of the COVID-19 vaccine within the Federal Bureau of Prisons likely eliminates Burgard's stated reason for release." *United States v. Burgard*, 2021 WL 3781384 (7th Cir. Aug. 26,

2021).

"For most prisoners, the availability of vaccines for COVID-19 'makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.'" *Id*. (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Here, Burgard has "been fully vaccinated against COVID-19 and also received the booster shot." (Doc. 122, p. 15). Thus, the Court finds that there is no evidence of an extraordinary and compelling reason for Burgard's immediate release.

Even if the Court were to find that Burgard's medical conditions, alone or in conjunction with the COVID-19 pandemic, or other factors constitute extraordinary and compelling reasons for release, the § 3553(a) factors and requirement that a defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Burgard, who is now 33 years old, is a predator. Burgard openly admitted to having sex with a 12 year old. (Docs. 41, 42). He admitted to having sex with a 14 year old. (Doc. 42, p. 2). Two other victims, another 12 year old and a 15 year old, were preyed upon by Burgard as they left a homecoming dance and a homecoming picnic. (*Id*. at p. 3). The Court certainly has concerns that his incarceration to date would be insufficient to deter Burgard from future criminal conduct or to protect the public from further crimes.[2] Further, reducing Burgard's sentence would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. Simply put, after

---

[2] "Disturbingly, Burgard, despite his obvious predilection for minor females, declined to participate in the Non-Residential Sex Offender Treatment Program when offered the opportunity to do so." (Doc. 122, p. 17). "He also asked to be removed from the Sex Offender Treatment Program waiting list." (*Id*.; Doc. 122-3, pp. 1-2).

considering the § 3553(a) factors, Burgard's request for compassionate release must be denied.

## CONCLUSION

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant Joshua Burgard (Doc. 120) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 31, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**